United States District Court
Southern District of Texas
**ENTERED**
April 03, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RAMCHAN JAGROO, <br> (a/k/a Ramchand Jagaroo) <br> (TDCJ-CID #1245495) <br><br> Petitioner, <br><br> VS. <br><br> LORIE DAVIS, <br><br> Respondent. | § § § § § § § § § § § § | <br><br><br><br><br><br>CIVIL ACTION NO. H-17-902 |

**MEMORANDUM AND OPINION**

Petitioner, Ramchan Jagroo, seeks habeas corpus relief under 28 U.S.C. § 2254. The threshold issue is whether this petition is subject to dismissal as successive. For the reasons discussed below, the court finds that this petition should be dismissed for lack of jurisdiction.

Jagroo challenges convictions imposed in Cause Numbers 961564 and 961565 for intoxication manslaughter with vehicle, and intoxication assault with a vehicle with serious bodily injury in the 232nd Judicial District Court of Harris County, Texas.

On April 29, 2009, Jagroo filed a federal petition for a writ of habeas corpus, Civil Action Number 4:09-1300, collaterally attacking his 2004 convictions for intoxication manslaughter with a vehicle and intoxication assault with a vehicle with serious bodily injury. On August 11, 2009, this court dismissed Jagroo's claims as time-barred. On March 20, 2017, this court received Jagroo's most recent federal habeas petition challenging his convictions in Cause Numbers 961564 and 961565. This habeas petition must be dismissed because it is a successive filing.

A district court may raise on its own the issue of whether a habeas corpus petition is successive. *Rodriguez v. Johnson,* 104 F.3d 694, 697 (5th Cir. 1997). The federal court dismissed Jagroo's earlier federal petition, Civil Action Number 4:09-1300, as time-barred. A case dismissed as time-barred under AEDPA is an adjudication on the merits that makes a second petition challenging the same conviction or sentence successive. *See In re Flowers,* 595 F.3d 204 (5th Cir. 2009). This court lacks jurisdiction to consider Jagroo's petition as it is a "successive" application governed by 28 U.S.C. § 2244(b)(3)(A) (1998), which requires that the Fifth Circuit authorize the district court to consider the application before it is filed in the district court. The statute states: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Before Jagroo can file a second or successive application in this court, he must file a motion for an order authorizing this court to consider his successive application in the United States Court of Appeals for the Fifth Circuit. There is no indication that the United States Court of Appeals for the Fifth Circuit has authorized this court to consider Jagroo's successive application. This court lacks jurisdiction to consider Jagroo's habeas claims.

Jagroo's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is dismissed for lack of jurisdiction. Jagroo's motion to proceed without prepayment of filing fees, (Docket Entry No. 3) is granted. Jagroo's motion to file successive federal petition, (Docket Entry No. 2), is denied without prejudice to reconsideration by the Fifth Circuit. Any remaining pending motions are denied as moot.

No Certificate of Appealability will issue. The showing necessary for a Certificate of Appealability is a substantial showing of the denial of a constitutional right. *Hernandez v. Johnson,*

213 F.3d 243, 248 (5th Cir. 2000) (citing *Slack v. McDaniel*, 429 U.S. 473, 483 (2000)). An applicant makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further. *See Clark v. Johnson*, 202 F.3d 760, 763 (5th Cir. 2000). When, as here, the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a Certificate of Appealability should not issue unless the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Rudd v. Johnson*, 256 F.3d 317, 319 (5th Cir. 2001) (citing *Slack*, 529 U.S. at 484). Jagroo has not made the necessary showing. A Certificate of Appealability is denied.

SIGNED on April 3, 2017, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge